# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Nicole L. Kees,**
**Petitioner Below, Petitioner**

**vs.)  No. 17-1111** (Berkeley County 16-C-625)

**J.D. Sallaz, Superintendent,**
**Lakin Correctional Center,**
**Respondent Below, Respondent**

**FILED**

**November 21, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Nicole L. Kees, by counsel Jason M. Stedman, appeals the Circuit Court of Berkeley County's November 21, 2017, order denying her amended second petition for a writ of habeas corpus. Respondent J.D. Sallaz, Superintendent[1], by counsel Robert L. Hogan, filed a response. On appeal, petitioner asserts that the circuit court erred in denying her habeas relief based upon a favorable change in the law and ineffective assistance of counsel.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2004, petitioner and Jashua Frocke forged and uttered two checks, and petitioner obtained heroin with the unlawfully obtained money. Petitioner later gave Mr. Frocke some of the purchased heroin, and he fatally overdosed. Petitioner was subsequently indicted on one count of murder under the felony murder doctrine.[2] Following a jury trial, on September 30, 2004, petitioner was convicted of this charge, and on January 7, 2005, she was sentenced to life imprisonment with mercy.

---

[1]Effective July 1, 2018, the positions formerly designated as "wardens" are now designated "superintendents." *See* W.Va. Code § 15A-5-3.

[2]West Virginia Code § 61-2-1 provides, in relevant part, that "[m]urder . . . in the commission of . . . a felony offense of . . . delivering a controlled substance as defined in article four, chapter sixty-a of this code, is murder of the first degree."

Additionally, petitioner was indicted for delivery of a controlled substance, forgery, and uttering, but these charges were either dismissed or disposed of by plea agreement, and they are not the subject of the instant matter.

Petitioner appealed her conviction to this Court, which we refused on April 24, 2008. Next, petitioner filed a petition for a writ of habeas corpus and, following appointment of counsel, an amended habeas petition. The circuit court denied petitioner's habeas petition on September 21, 2011, which we affirmed in *Kees v. Nohe*, No. 11-1465, 2013 WL 149614 (W.Va. Jan. 14, 2013)(memorandum decision).[3]

In 2017, the Legislature enacted a new statute that, in pertinent part, states,

Any person who knowingly and willfully delivers a controlled substance . . . in violation of the provisions of section four hundred one, article four of this chapter for an illicit purpose and the use, ingestion or consumption of the controlled substance or counterfeit controlled substance alone or in combination with one or more other controlled substances, proximately causes the death of a person using, ingesting or consuming the controlled substance, is guilty of a felony and, upon conviction thereof, shall be imprisoned in a state correctional facility for a determinate sentence of not less than three nor more than fifteen years.

W.Va. Code § 60A-4-416(a). Petitioner, who had filed a second habeas petition in November of 2016, was appointed counsel, who filed an amended second petition on November 8, 2017. In petitioner's amended second petition, she argued that West Virginia Code § 60A-4-416(a) should be applied retroactively and that she should be resentenced in accordance with that statute. Petitioner also asserted an ineffective assistance of habeas counsel claim.[4] The circuit court denied petitioner's amended second petition by order entered on November 21, 2017. It is from this order that petitioner appeals.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

"In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *Anstey v. Ballard*, 237 W.Va. 411, 787 S.E.2d 864 (2016).

---

[3]Following the denial of her petition in the circuit court, petitioner filed a habeas petition in federal court. That petition was also denied and dismissed.

[4]Generally, a petitioner is entitled to only one habeas corpus proceeding, unless a subsequent petition alleges "ineffective assistance of counsel at the omnibus habeas corpus hearing; newly discovered evidence; or, a change in the law, favorable to the applicant, which may be applied retroactively." Syl. Pt. 4, in part, *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981). Because petitioner's second petition alleged a favorable change in the law and ineffective assistance of habeas counsel, it was not barred by res judicata. *See id.*

Petitioner raises two assignments of error on appeal. First, petitioner claims the circuit court erred in denying relief based upon a favorable change in the law. Petitioner argues that the Legislature's enactment of West Virginia Code § 60A-4-416 evidences its view that a life sentence is inappropriate for the crime petitioner committed. Petitioner contends that because this statute is substantive, it is applied retroactively, and she should be resentenced to a determinate term of imprisonment of not less than three nor more than fifteen years. In support of her argument that the statute should apply retroactively, petitioner cites law discussing the retroactive application of "new constitutional rules of criminal procedure" announced in judicial decisions. *See Teague v. Lane*, 489 U.S. 288 (1989); *Penry v. Lynaugh*, 492 U.S. 302 (1989); and *Welch v. U.S.*, -- U.S. --, 136 S.Ct. 1257 (2016).

Petitioner's discussion of the analytical framework for determining whether *judicial rules* should apply retroactively is immaterial to a determination of whether a newly enacted *statute* should apply retroactively. Indeed, the law relevant to the latter determination is well settled: "The presumption is that a statute is intended to operate prospectively, and not retrospectively, unless it appears, by clear, strong and imperative words or by necessary implication, that the Legislature intended to give the statute retroactive force and effect." Syl. Pt. 2, *Martinez v. Asplundh Tree Expert Co.*, 239 W.Va. 612, 803 S.E.2d 582 (2017) (citations omitted); *see also* W.Va. Code § 2-2-10(bb) ("A statute is presumed to be prospective in its operation unless expressly made retrospective[.]"). West Virginia Code § 60A-4-416 neither necessarily implies retroactive application nor contains language evidencing an intent for retroactive application. Accordingly, we find no error in the circuit court's denial of relief on this ground.

Petitioner also assigns as error the circuit court's denial of her ineffective assistance of habeas counsel claim. Petitioner claims the court erred because habeas counsel rendered deficient representation in failing to review the *Losh* list[5] with her, failing to "adequately allege" that the felony murder statute was inapplicable to her case, and failing to "adequately argue" that the decedent's cause of death was not sufficiently proven.

In Syllabus Point 5 of *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995), we set forth the standard applicable to ineffective assistance of counsel claims:

> In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

Both prongs of this test need not be addressed. Syl. Pt. 5, in part, *State ex rel. Daniel v. Legursky*, 195 W.Va. 314, 465 S.E.2d 416 (1995). Rather, courts "may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test." *Id.*

---

[5]*See Losh v. McKenzie*, 166 W.Va. 762, 768-69, 277 S.E.2d 606, 611 (1981) (listing the "most frequently raised" grounds for habeas relief).

We find no error in the circuit court's determination that petitioner's claims fail to satisfy the *Miller*/*Strickland* test. First, the circuit court noted that petitioner initialed each waived ground on the *Losh* list and attached a signed "Certificate of Petitioner" to the list certifying that her attorney advised her regarding the grounds asserted and waived.[6] Accordingly, petitioner's assertions regarding her counsel's failure to review the *Losh* list with her are contradicted by the record below. Moreover, petitioner fails to establish that the result of her initial habeas would have been different assuming any deficiency in this regard. For example, petitioner does not allege that she initially waived a ground that she believes would have been meritorious. Therefore, petitioner failed to establish ineffective assistance of counsel with respect to her *Losh* list assertions.

Second, petitioner claims that habeas counsel failed to "adequately argue" the applicability of felony murder to her case. Petitioner argues that she and the decedent "simultaneously and jointly acquired" the heroin, thereby constituting joint possession but not delivery for purposes of felony murder. Petitioner asserts that, had habeas counsel "articulated this argument more clearly," the result of her initial habeas would have been different.

Petitioner again fails to demonstrate that counsel's representation was deficient. We first note that petitioner does not assert that habeas counsel declined to argue the applicability of felony murder; rather, she argues that counsel did not "adequately argue" its applicability. But petitioner neglects to identify any arguments or facts that were not raised. Accordingly, we find no error in the circuit court's conclusions that petitioner failed to establish ineffective assistance of counsel with respect to these allegations, and that she is merely attempting to circumvent the doctrine of res judicata by relitigating this previously unsuccessful argument under the guise of an ineffective assistance of counsel claim. *See Harold M. v. Ballard*, No. 15-0813, 2016 WL 2970849 (W.Va. May 20, 2016)(memorandum decision).

Petitioner's final ineffective assistance of counsel argument concerns habeas counsel's failure to argue that the decedent's cause of death was not sufficiently proven at trial. Petitioner contends that the decedent used heroin throughout the day, and no medical evidence was presented to establish that the specific heroin petitioner gave the decedent was the heroin that caused his death.

Petitioner's argument ignores the testimony at trial from those present in the motel room in which the decedent overdosed that petitioner, and no one else, brought the heroin into the room. Thus, we find no error in the circuit court's conclusion that a rational jury could find that petitioner gave the decedent the heroin that killed him or its conclusion that "[c]ounsel cannot be ineffective for failing to raise a meritless argument[.]"

For the foregoing reasons, we affirm the circuit court's November 21, 2017, order denying petitioner's amended second petition for a writ of habeas corpus.

Affirmed.

---

[6]Petitioner failed to include these documents in the appendix record, but she does not challenge this conclusion on appeal.

**ISSUED:** November 21, 2018

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice Paul T. Farrell sitting by temporary assignment